ISIDRO FERNÁNDEZ FRANCO, demandante y recurrente, *v.* PAULA Y ENRIQUE CASTRO CARDOSO, demandados y recurridos.

*Número:* RE-86-367 *Resuelto:* 24 de junio de 1987

*Iván Pagán Hernández,* abogado del recurrente; la parte recurrida no compareció.

EL JUEZ ASOCIADO SEÑOR ORTIZ emitió la opinión del Tribunal.

El 2 de febrero de 1977 Doña Manuela Castro Cardoso, quien no tenía descendientes, otorgó un testamento abierto ante el notario Agustín Collazo Mojica. En dicho testamento la testadora expresa que su última voluntad, en cuanto a la disposición de sus bienes era:

TERCERA: Declara la testadora que nombra e instituye heredera, en cuanto a la mitad de legítima de todos sus bienes y con sujeción a la ley, a su madre Doña Antonia Cordero y del Valle, sin perjuicio de la cuota usufructuaria que a su esposo, Don Isidro Fernández Franco señala el Código Civil de Puerto Rico.

CUARTA: Declara la testadora que por la presente lega la totalidad de la *media porción de libre disposición* de sus bienes a su esposo, Don Isidro Fernández Franco. (Énfasis nuestro.) *Exhibit* 2, pág. 5.

Varios meses después de otorgado el testamento, el 10 de septiembre de 1977, murió la madre de la testadora, sobreviviéndole ésta y otros tres hijos. La señora Castro Cardoso no hizo modificación alguna a su testamento. El 2 de febrero de 1985, más de siete años después de la muerte de su madre, falleció, sobreviviéndole su esposo y sus tres hermanos.

El 6 diciembre de 1985 Don Isidro Fernández Franco, el aquí recurrente, presentó una petición de Sentencia Declaratoria, en la cual solicitaba se declarara su derecho a la totalidad del caudal hereditario; alegaba que por haber premuerto la madre de su esposa la parte de libre disposición pasaba "automáticamente" a ser la totalidad de la herencia. El tribunal de instancia originalmente rechazó de plano la petición y ordenó el archivo del caso, pero luego, en respuesta a una solicitud de reconsideración concluyó que:

A base de lo anterior, tenemos que concluir que en este caso procede abrir la sucesión *ab intestato*. El "legado" no

prevalece pues, al ser uno de parte alícuota, éste se toma como un llamado de heredero.

El artículo 903 del Código Civil, 31 L.P.R.A., Sección 2671, dispone el llamado a los colaterales preferentes en ausencia de ascendientes y descendientes. Este tercer orden lo componen tres hermanos de la causante. Así, tenemos una sucesión compuesta por tres colaterales preferentes y un cónyuge viudo.

En estos casos, el cónyuge viudo tiene derecho a una porción hereditaria, que es el usufructo viudal, i.e., su legítima.

Cuando un testador no dejare herederos del primer y del segundo orden, el cónyuge sobreviviente tiene derecho a la mitad de la herencia en usufructo, a[u]n cuando existan hermanos del causante. (Artículo 764 del Código Civil, 31 L.P.R.A., Sección 2414.)

Sólo cuando falta[n] hermanos del causante es que, a tenor con el artículo 909 del Código Civil, 31 L.P.R.A., Sección 2677, sucedería en *todos* los bienes del difunto el cónyuge sobreviviente.

Todas [e]stas disposiciones, no obstante encontrarse en la parte del Código Civil que trata sobre la sucesión testada, son de aplicación a la sucesión intestada, según lo regulado por el artículo 761, supra, 31 L.P.R.A., Sección 2411.

Por lo tanto, no podemos concluir que la parte de libre disposición es el todo del caudal. La mitad de los bienes gananciales le corresponden a la causante. Habiendo colaterales preferentes, el demandante tiene derecho a recibir la mitad de la herencia en usufructo, el que se sacará del total de la herencia. El resto le corresponde a los herederos de la causante en orden precedente al demandante: *los hermanos de ella.*

Por todo lo anterior, el Tribunal declara NO HA LUGAR la Moción de Reconsideración presentada por el demandante y enmienda su previa sentencia aclarando que la institución de herederos es según se establece en el párrafo precedente. Resolución de 13 de junio de 1986, págs. 18–19.

Atendido el recurso del demandante, emitimos una resolución, dirigida a la parte demandada recurrida, en la que se le pedía que mostrara causa por la cual no debía

revocarse la sentencia dictada por el tribunal de instancia y resolver conforme a la norma de *Vda. de Sambolín* v. *Registrador*, 94 D.P.R. 320 (1967), con respecto a la parte del testamento en que se designa al cónyuge viudo heredero y abrir la sucesión intestada respecto a la porción vacante de la herencia.

Los demandados recurridos no han comparecido.[1] El recurrente sometió un escrito adicional. Estamos en posición de resolver.

I

Al momento de testar, Doña Manuela Castro Cardoso tenía dos herederos forzosos, su madre y su cónyuge en cuanto a la cuota usufructuaria vidual, según dispone el Art. 736 del Código Civil, 31 L.P.R.A. sec. 2362.[2] A tenor con ello y con el Art. 738 (31 L.P.R.A. sec. 2364[3] la testadora instituyó heredera a su madre con la mitad del caudal correspondiente a la legítima y le legó la totalidad de la mitad de libre disposición a su esposo. Al así hacerlo la testadora siguió los preceptos del Código Civil.

---

[1] Los demandados, Paula y Enrique Castro Cardoso fueron emplazados por edictos. Al no contestar la demanda, se les anotó la rebeldía. La otra hermana, Georgina, no es parte pero al final de la demanda comparece afirmando que está conforme. Al recibirse el mandato, Georgina debe ser incluida como parte demandante o demandada, según sea apropiado.

[2] "Son herederos forzosos:

"(1) Los hijos y descendientes legítimos respecto de sus padres y ascendientes legítimos, y los hijos naturales legalmente reconocidos respecto de sus padres y ascendientes naturales o legítimos.

"(2) A falta de los anteriores, los padres y ascendientes legítimos respecto de sus hijos y descendientes legítimos.

"(3) El viudo o viuda en la forma o medida que establecen las secs. 2411, 2412, 2413 y 2414 de este título."

[3] "Constituye la legítima de los padres o ascendientes, la mitad del haber hereditario de los hijos y descendientes. De la otra mitad podrán éstos disponer libremente, salvo lo que se establece en la sec. 2413 de este título." Art. 738 del Código Civil, 31 L.P.R.A. sec. 2364.

 Hay que interpretar el Art. 735 (31 L.P.R.A. sec. 2361) que establece que la legítima es la porción de los bienes de que el testador no puede disponer, conjuntamente con el Art. 692 (31 L.P.R.A. sec. 2281) que es aquél con el que comienza la institución de heredero. Dispone este último artículo que el que no tuviere herederos forzosos puede disponer por testamento de todos sus bienes en favor de cualquiera capaz para adquirirlos, pero el que tuviere herederos forzosos *sólo podrá disponer* de sus bienes en la forma y con las limitaciones que establece el Código Civil. Estas disposiciones establecen limitaciones a la libertad total de disposición del testador, al *jus disponendi*, quien deberá respetar, dentro de su libertad de disponer, ciertos derechos mínimos que el Estado asegura a determinadas personas a quienes declara herederos forzosos. *Vda. de Sambolín* v. *Registrador*, supra, págs. 325–329. Al ser la voluntad del testador la ley de la sucesión, no hay base legal por la cual debamos anular la cláusula cuarta en que se lega la mitad ·de los bienes al recurrente. La muerte de la madre de la testadora no tiene el efecto de anular el testamento. Nuestro ordenamiento sucesorio está cimentado en dar cumplimiento a la voluntad del testador en la disposición de sus bienes en lo que no sea contrario a la ley.

 En *Torre Ginés* v. *E.L.A.*, 118 D.P.R. 436 (1987), discutimos la figura del "legado parciario" o de cuota alícuota. Dijimos que "este legado 'es el que se hace a favor de una o varias personas de una porción aritmética ideal, de una fracción de la totalidad del caudal'. González Tejera, *op. cit.*, Vol. 1, pág. 15. Según Manresa, en este tipo de legado 'el testador dispone a título particular de una porción proporcional de su herencia'. J. M. Manresa, *Comentarios al Código Civil Español*, 7ma ed. rev., Madrid, Ed. Reus, 1951, T. VI, pág. 702". Concluimos en dicha opinión que

la figura del legado parciario *tiene cabida* en nuestro ordenamiento sucesorio y además que: "Al aplicar al caso de autos los pronunciamientos expuestos, decidimos que erró el tribunal de instancia al no resolver que la disposición hecha por el causante del tercio de su libre disposición a favor de su hija Torre Ginés era un 'legado parciaro' válido. Por tratarse dicha disposición de un 'legado parciario' estamos ante un testamento sin institución de herederos en el cual el testador dispuso a título de legado de una porción de la herencia y de varios bienes específicos de la misma. Tal actuación está permitida por el Art. 693 del Código Civil preceptivo de que el 'testamento será válido aunque no contenga institución de heredero. ... En estos casos se cumplirán las disposiciones testamentarias hechas con arreglo a las leyes, y el remanente de los bienes pasará a los herederos legítimos'." (Citas omitidas.) *Torre Ginés* v. *E.L.A.*, supra, pág. 463. Por ello hay que cumplir con la voluntad de la testadora, de dejar la mitad de su caudal a su esposo.

 Veamos qué efecto tuvo la premoriencia de la madre de la testadora. Podemos definir la sucesión intestada como aquel conjunto de normas de derecho establecido en el Código Civil para regular la ordenación y distribución del caudal de una persona que fallece sin testamento o con testamento total o *parcialmente ineficaz*. E. González Tejera, *Derecho Sucesorio Puertorriqueño*, San Juan, Ed. Ramallo, 1983, Vol. I, pág. 46. El Art. 875 del Código Civil, 31 L.P.R.A. sec. 2591, dispone que las normas del derecho sucesorio intestado, la llamada sucesión legítima, tiene vigencia cuando el causante fallece sin testamento, con testamento nulo o que pierde su validez con posterioridad al fallecimiento del testador; cuando el testamento no contiene institución de herederos para todos los bienes o no dispone por vía de legado de todos los bienes que

corresponden al causante. En adición, cuando falta la condición puesta a la institución de heredero o *éste muere antes que el testador*, o repudia la herencia sin tener sustituto y sin que haya luego el derecho a acrecer, rige la sucesión legítima. Por último, aplican estas normas cuando el heredero instituido es indigno de suceder, o repudia el llamamiento. González Tejera, *op. cit.*

Al interpretar el Art. 912 del Código Civil de España, idéntico a nuestro Art. 875, *supra*, nos dice Puig Brutau que:

> A pesar de que preferimos usar esta denominación de sucesión intestada, en lugar de sucesión legítima o legal, es preciso afirmar que no siempre es la falta de testamento válido y eficaz la causa de que proceda. Es posible la coexistencia de la sucesión testada con la intestada y, en definitiva, esta segunda calificación ha de considerarse perfectamente adecuada para señalar el destino de aquellos bienes para los que *no existe eficaz disposición testamentaria.* (Énfasis nuestro.) J. Puig Brutau, *Fundamentos de Derecho Civil*, 3ra ed. rev., Barcelona, Ed. Bosch, 1983, T. V, Vol. 3, pág. 347.
>
> ... Lo que ahora corresponde decir es que la enumeración del art. 912 no es taxativa o agotadora; esto es, que puede ser necesaria la apertura de la sucesión intestada en supuestos diferentes de los que el precepto contiene. Puig Brutau, *op. cit.*, pág. 347.

▮ Debe quedar claro, entonces, que al premorir la madre, sin que la testadora hubiera dispuesto para su sustitución conforme lo provee el Código Civil en su Art. 703 (31 L.P.R.A. sec. 2301)(4) la porción que a ella le correspondía quedó vacante, debiéndose abrir la sucesión intestada o legítima *en cuanto a dicha parte.*

---

(4) *"Sec. 2301. Substitución simple*

"Puede el testador substituir una o más personas al heredero o herederos instituidos para el caso en que mueran antes que él, o no quieran, o no puedan aceptar la herencia.

## II

Con relación a la cuota usufructuaria ordenada por ley, debemos determinar si debe acumularse dicha parte con los derechos testamentarios dispuestos por Doña Manuela Castro Cardoso a favor de Don Isidro Fernández Franco, o si, por el contrario, deben fundirse las gracias testamentarias dispuestas por la causante a beneficio de su viudo e imputarlas a su legítima.

■ Hemos resuelto que en defecto de directriz de parte del "de Cujus" y al tratar del legitimario, el legado o manda hecho a favor de éste se tiene por hecho a cuenta de su legítima. *Calimano Díaz* v. *Rovira Calimano*, 113 D.P.R. 702, 706 (1983), donde citamos con aprobación, a la página 707, la razón que da Vallet de Goytisolo para adoptar como correcta la norma general de no acumulación de cuota y legado:

> Nosotros, una vez agotada la posibilidad de resolver la cuestión interpretando la voluntad explícita o implícita del causante, y "ante la necesidad de dar una solución", nos habíamos inclinado también a favor de la acumulación de cuota y legado partiendo de la especial naturaleza de la cuota vidual, respecto de la cual —a diferencia de las otras legítimas— pensábamos entonces que se obtenía "ope legis" por una delación legal directa de dicha cuota.
> Cámara Alvarez, ante este supuesto, ha rechazado tanto la acumulación de legado y cuota como la posibilidad de que el cónyuge viudo opte por aquél y por ésta, y ha afirmado que el cónyuge viudo deberá aceptar el legado —aunque sea de metálico, *que se imputará a su cuota legal—*, pues, cree, que "no existe un llamamiento legal autónomo a favor del cónyuge por su cuota legal usufructuaria", sino sólo subsi-

---

"La substitución simple, y sin expresión de casos, comprende los tres expresados en el párrafo anterior, a menos que el testador haya dispuesto lo contrario." 31 L.P.R.A. sec. 2301.

diario, en cuanto el valor de lo que el testador le haya asignado no cubra su cuota. Por lo cual, el criterio aplicable a los demás legitimarios, en análogo supuesto, no debe variar tratándose del cónyuge viudo. ... [H]emos aceptado esta rectificación de Cámara a nuestra tesis de la naturaleza jurídica de la legítima vidual, por lo tanto, también aceptamos aquí su consecuencia lógica para el supuesto que estudiamos. (Escolios suprimidos.) J. Vallet de Goytisolo, *Limitaciones de derecho sucesorio a la facultad de disponer las legítimas*, 1924, T. I., Vol. 2, págs. 855–856. (Énfasis suplido.)

En *Vda. de Sambolín* v. *Registrador*, supra, pág. 330, resolvimos que: "No habiendo el testador infringido en ley los derechos del cónyuge viudo, bien por preterición o bien por merma de su legítima, *no siendo aparente*, a la luz de las circunstancias y disposiciones testamentarias que fuera su intención gravar con un usufructo a favor de la viuda los bienes de sus demás herederos, en adición a la herencia que le dejara en propiedad en exceso de la mitad de la misma, los bienes de los herederos no responden en este caso de usufructo alguno." Debemos entonces, a tenor con *Vda. de Sambolín* v. *Registrador*, supra, y *Calimano Díaz* v. *Rovira Calimano*, supra, examinar el testamento para ver si surge del mismo una intención clara de gravar los bienes que ahora corresponden a sus herederos legítimos con el usufructo vidual. De no surgir tal intención debemos adoptar la norma general de no acumular dicha cuota con el legado parciario a favor del viudo e imputarlo a la legítima de éste.

¿Refleja el testamento que rige este caso esa intención de parte de la testadora? Creemos que no. Aunque en la institución de herederos[5] la testadora mencionó el usufructo vidual, esta mención se hace en clara referencia

---

[5] Cláusula cuarta del Testamento, antes transcrita.

al Art. 763 de nuestro Código Civil, 31 L.P.R.A. sec. 2413,(6) que dispone que en ausencia de descendientes, pero, al existir ascendientes, como era el caso al momento de testar, el usufructo vidual se sacará de la mitad libre. No vemos que sea *aparente*, a la luz de las circunstancias y disposiciones testamentarias, que era la intención de la testadora gravar dicha parte de su herencia con el usufructo vidual en el caso de premorir su madre. Advertimos, además, que pasaron más de siete años desde la muerte de la madre de la testadora sin que ésta hiciera modificación alguna a su testamento, para dejar a su esposo dicha parte.

En ausencia de una intención más claramente expresada no podemos resolver que fuera su intención gravar la herencia de sus herederos legítimos con el usufructo vidual.

### III

Por las razones antes expuestas, la sentencia del tribunal de instancia es errónea, en cuanto anula el legado a favor del recurrente. Se deberá abrir la sucesión intestada respecto a la porción vacante de la herencia, ya que ésta no responde de usufructo alguno.

*Se dictará sentencia que modifica la de instancia y se devuelve el caso para que continúen los procedimientos conforme a lo anteriormente expuesto.*

El Juez Presidente Señor Pons Núñez está conforme con la parte I de la opinión. Disiente de las partes II y III en cuanto no se acumula el usufructo vidual con los beneficios testamentarios. Entiende que la acumulación es más acorde

---

(6) *"Sec. 2413. Cuando el testador deja ascendientes pero no descendientes*

"No dejando el testador descendientes, pero sí ascendientes, el cónyuge sobreviviente tendrá derecho a la tercera parte de la herencia en usufructo.

"Este tercio se sacará de la mitad libre, pudiendo el testador disponer de la propiedad del mismo." 31 L.P.R.A. sec. 2413.

con los fines y propósitos que deben informar la relación conyugal y sus proyecciones o efectos, al ésta disolverse por la muerte de uno de los cónyuges. El Juez Asociado Señor Rebollo López concurre únicamente en el resultado por razón de entender que los hechos del caso ameritan que se discuta en la opinión emitida el efecto, si alguno, que sobre dichos hechos podrían tener las disposiciones de los Arts. 936 al 940 del Código Civil, 31 L.P.R.A. secs. 2751-2755 (derecho de acrecer).