Brau Ramírez, Juez Ponente
TEXTO COMPLETO DE LA RESOLUCION
I
Los peticionarios Ramón Feliciano Santos, Juan Carlos, José Ramón, Angel Manuel, todos de apellido Feliciano Valiente, y Ramiro Hernández recurren de una resolución emitida el 28 de octubre de 1996 por el Tribunal de Primera Instancia, Sub-sección de Distrito, Sala de Cayey, denegando una moción de sentencia sumaria presentada por los peticionarios en la cual solicitaban la desestimación del pleito por incumplimiento de contrato instado contra los peticionarios por los recurridos Ernestina Valiente y Jaime Nieves.
Denegamos la expedición del auto solicitado.
n
Según se desprende del recurso, el 24 de agosto de 1983, los recurridos Jaime Nieves y su esposa Ernestina Valiente adquirieron una finca situada en el Barrio Cercadillo de Cayey, en unión a otras dos parejas: el peticionario Ramón Feliciano Santos y su esposa Josefina Valiente Rivera, y Angel Feliciano Valiente y su esposa Carmen Mercado Mora. La descripción del inmueble era la siguiente:
"RUSTICA: Terreno radicado en el Barrio Cercadillo del término municipal de Cayey, Puerto Rico, compuesto de once punto cincuenta y siete (11.57) cuerdas, equivalentes a cuarenta y cinco mil cuatrocientos setenta y siete punto setentiocho metros cuadrados (45,477.78 m.c.) colindando por el Norte, con la carretera número setecientos quince (715) y un camino público por el Sur, con una quebrada; por el Este, con José Trías y por el Oeste, con terrenos del Sr. Teófilo Ramos."
La adquisición fue verificada mediante la Escritura Núm. 30, sobre Compraventa de Condominios y Constitución de Hipoteca Voluntaria otorgada por los otorgantes en esa fecha, 24 de agosto de 1983, ante la Notario Público Lydia Aponte Malavé. Los condueños adquirieron la propiedad en las siguientes proporciones: los esposos Ramón Feliciano y Josefina Valiente adquirieron 50% de la propiedad, los recurridos Jaime Nieves y Ernestina Valiente adquirieron 33 1/3% de la propiedad, y los esposos Angel Feliciano y Carmen Mercado adquirieron el 16 2/3% restante.
Posteriormente, las partes hicieron gestiones para la segregación del inmueble. Contrataron al agrimensor peticionario Ramiro Hernández para asistirlos en estas gestiones.
*840 Oportunamente, se presentó una solicitud ante la Administración de Reglamentos y Permisos ("A.R.P.E.") para que se autorizara la segregación de la propiedad en varias parcelas a ser adjudicadas en proporción a las participaciones de cada una de las parejas. Se presentó el correspondiente plano de lotificación, el cual fue aprobado por la agencia el 25 de junio de 1991.
El 21 de octubre de 1991, las partes otorgaron la Escritura Núm. 40, sobre Segregación y Adjudicación, ante el Notario Público José M. Santiago Cano. Mediante este segundo negocio, se describieron y adjudicaron parcelas específicas a las partes con el fin de dividir la propiedad conforme a las respectivas participaciones adquiridas por éstas. En la referida escritura, se hacía referencia al plano de lotificación aprobado por A.R.P.E.
Se establecieron como fincas separadas e independientes las siguientes:

"PARCELA NÚM. 1: RUSTICA: Parcela de terreno denominada "Pare. Núm. 1" localizada en el Barrio Cercadillo del término municipal de Cayey, Puerto Rico, con una cabida superficial de siete mil cuatrocientos siete punto cero nueve metros cuadrados (7,407.009 m.c.) equivalentes a una cuerda punto ochocientos ochenticuatro centésimas de cuerdas (1.884 cuerdas) en lindes por el Norte, con la carretera número Setecientos Quince (715) y el solar segregado en el caso número: 82-70-F-162 KPC; por el Sur, con la quebrada existente; por el Este, con propiedad de Teófilo Ramos y por el Oeste, con la "Pare. Núm. 2" a ser segregada.

"PARCELA NUM. 2: RUSTICA: Parcela de terreno denominada "Pare. Núm. 2" localizada en el Barrio Cercadillo del término municipal de Cayey, Puerto Rico, con una cabida superficial de ocho mil quinientos setenta punto setentiún metros cuadrados (5,570.71 m.c.), equivalentes a dos cuerdas punto ciento ochenta centésimas de cuerda (2.180 edas.) En lindes por el Norte, con un camino público; por el Sur, con la quebrada existente; por el Este, con la parcela Núm: 1, según se describe en el plano de inscripción y por el Oeste, con la parcela número 3 a ser segregada,"

"PARCELA NUM. 3: RUSTICA: Parcela de terreno denominada "Pare. Núm. 3" localizada en el Barrio Cercadillo del término municipal de Cayey, Puerto Rico con una cabida superficial de quince mil cero veintiséis punto setentinueve metros cuadrados (15,026.79 m.c.) equivalentes a tres cuerdas punto ochocientos veintitrés centésimas de cuerda (3.823 edas.) en lindes por el Norte, con camino público; por el Sur, con quebrada existente; por el Este con la parcela Núm. 2 y por el Oeste, con la parcela Núm. 4 a ser segregada.

"PARCELA NUM. 4: RUSTICA: Parcela de terreno denominada "Pare. Núm. 4" localizada en el Barrio Cercadillo del término municipal de Cayey, Puerto Rico, con una cabida superficial de trece mil quinientos cincuentiún punto ciento sesentiún metros cuadrados (13,551.161 m.c.) equivalentes a tres cuerdas punto cuatrocientos cuarentisiete centésimas de cuerda (3.447 edas.); en lindes por el Norte, con un camino público; por el Sur, con la quebrada existente y Miguel A. Rivera; por el Este, con la parcela Núm. 3 a ser segregada y por el Oeste, con terrenos del Sr. José Trías.

"PARCELA NUM. 5: RUSTICA: Parcela de terreno denominada "Pare. Núm. 5" dedicada a uso público, localizada en el Barrio Cercadillo del término municipal de Cayey, Puerto Rico, con una cabida superficial de quinientos ochenta y ocho punto ochocientos ochenta y cuatro metros cuadrados (588.884 m.c.) equivalentes a cero cuerdas punto ciento cuarenta y nueve centésimas de cuerdas (0.149 edas.) en lindes por el Norte con un camino público; por el Sur, con las parcelas Uno, Dos, Tres y Cuatro, según se describe en el plano de inscripción en el caso número 90-70B-710-KPL; por el Este, con el solar segregado en el caso número 82-70-F-162 KPL; y por el Oeste con terrenos del Sr. José Trías."

Las parcelas dos y cuatro, componentes del 50% de la finca original, fueron adjudicadas a Ramón Feliciano y Josefina Valiente. Los recurridos recibieron la parcela número tres, representando su participación de 33 1/3%. La parcela número uno, equivalente al 16 1/3%, fue adjudicada a Angel Feliciano y Carmen Mercado. Los predios fueron inscritos en el Registro de la Propiedad.
Existe controversia entre las partes sobre algunos particulares de la segregación y adjudicación de las *841 parcelas mencionadas. Según los recurridos, al momento del otorgamiento de la Escritura Núm. 40, no se les entregó copia del plano de lotificación aprobado por A.R.P.E., cuyo contenido no era conocido por ellos por no haber participado directamente en el trámite ante dicha agencia. Posteriormente, en 1993, cuando se comenzó a establecer los puntos de las colindancias, los recurridos expresaron que no estaban satisfechos con la ubicación de los mismos, los cuales no coincidían con ciertos acuerdos a los que habían llegado los recurridos con la señora Josefina Valiente, condueña de las parcelas dos y cuatro.
Alegadamente, estando presentes los recurridos con Josefina Valiente, el hijo de ésta, Juan Carlos Feliciano Valiente, y Yolanda Rivera Vega, se discutió el problema de los puntos y la señora Valiente instruyó al agrimensor Hernández a corregir la situación, lo que éste no hizo.
Poco después, la Sra. Valiente enfermó y murió, dejando como sus herederos a su esposo, el peticionario Ramón Feliciano Santos y a sus hijos, los peticionarios Juan Carlos, José Ramón y Angel Manuel, todos de apellido Feliciano Valiente.
Los recurridos solicitaron entonces al agrimensor Hernández que procediera a reubicar los puntos según lo acordado, a lo que éste se negó, aduciendo que la sucesión de doña Josefina debía autorizar el nuevo deslinde. Los otros peticionarios, sin embargo, se rehusaron a reconocer que hubiese existido el acuerdo reclamado.
Los recurridos presentaron entonces la presente acción por incumplimiento de contrato y daños y perjuicios, reclamando el cumplimiento del compromiso alegadamente contraído por doña Josefina. Los peticionarios contestaron la demanda, negando las alegaciones. Presentaron además una reconvención por reivindicación, alegando que los recurridos habían ilegalmente invadido una porción de una de sus parcelas, rodando los puntos de colindancia.
Luego de otros incidentes, los recurridos presentaron una Solicitud de Sentencia Sumaria. Alegaron que cualquier cesión de terreno realizado por doña Josefina a favor de los recurridos constituía un acto inválido bajo los artículos 291 y 1313 del Código Civil, 31 L.P.R.A. sees. 2841 y 3672, respectivamente, ya que el esposo de ésta, el peticionario Ramón Feliciano Santos, no había estado presente ni había prestado su consentimiento al alegado acuerdo para mover los puntos de las propiedades. La solicitud estaba acompañada de una declaración jurada del peticionario, acreditando lo anterior.
Los recurridos replicaron a esta solicitud, alegando que no se trataba de una transacción para enajenar el dominio de una porción del predio, sino para corregir los puntos reflejados en el plano, los cuales resultaban incorrectos. Solicitaron, a su vez, que el Tribunal dictara sentencia sumaria a su favor. La moción de los recurridos estaba apoyada por una declaración jurada prestada por la señora Ernestina Valiente, reafirmándose en su versión de los hechos.
El 28 de octubre de 1996, mediante la resolución recurrida, el Tribunal de Primera Instancia denegó la solicitud de los recurridos. Concluyó que existía una controversia real sustancial de hecho entre las partes, por lo que resultaba improcedente el empleo de una sentencia sumaria.
Los peticionarios presentaron una oportuna solicitud de reconsideración de dicho dictamen, la que fue denegada por el Tribunal el 14 de noviembre de 1996.
Insatisfechos, acudieron entonces ante este Tribunal.
En su recurso, la parte peticionaria plantea que erró el Tribunal de Primera Instancia al denegar su moción de sentencia sumaria.
La Regla 36.3 de las de Procedimiento Civil, 32 L.P.R.A.. autoriza a un Tribunal de Primera Instancia a dictar sentencia sumaria cuando no existe "controversia real sustancial en cuanto a ningún hecho material y... como cuestión de derecho debe dictarse sentencia sumaria a favor de la parte promovente." Véase, en general, Corp. Presiding Bishop CJC of LDS v. Purcell, 117 D.P.R. 714 (1986).
*842 La determinación de disponer de un pleito mediante este mecanismo es una que está confiada a la discreción del foro de primera instancia, Id. a la pág. 723; PFZ Properties v. General Accident Insurance Corp., _ D.P.R. _ (1994), 94 J.T.S. 116, a la pág. 125.
La sentencia sumaria sólo debe ser dictada en casos claros cuando el Tribunal tiene ante sí la verdad sobre todos los hechos pertinentes y determine que no hace falta una vista evidenciaría. J.A.D.M. v. Centro Comercial Plaza Carolina, _ D.P.R. _ (1993), 93 J.T.S. 26, a la pág. 10,439. Cualquier duda sobre si debe ser dictada debe ser adjudicada en contra de la parte proponente de la moción. Véanse, Bonilla Medina v. Partido Nuevo Progresista, _ D.P.R. _ (1996), 96 J.T.S. 33, a la pág. 790; Rivera Santana v. Superior Packing, Inc., _ D.P.R. _(1992), 92 J.T.S. 165, a la pág. 10,165.
En la situación de autos, la parte peticionaria plantea que los puntos de deslinde entre las propiedades fueron originalmente fijados conforme al plano de lotificación aprobado por A.R.P.E., y que no existe controversia que dicho plano fue incorporado por referencia en la Escritura Núm. 40, suscrita por los recurridos, habiéndose inscrito en el Registro los títulos de las parcelas individuales conforme a dicha transacción. Alega, además, que tampoco existe controversia real sustancial en torno a que doña Josefina Valiente estaba casada con el peticionario Ramón Feliciano Santos al momento de las alegadas conversaciones con los recurridos y que dicho peticionario no estuvo presente ni consintió en dichos negocios.
La contención de los recurridos, sin embargo, expuesta bajo juramento por la recurrida Ernestina Valiente, es que éstos no consintieron ni tuvieron conocimiento de la fijación de los puntos en el plano de lotificación, porque estas gestiones fueron realizadas por el agrimensor Hernández y porque dicho plano no les fue entregado al momento de suscribir la Escritura Núm. 40. Alegan, además, que dicho plano se apartó de lo que había sido el acuerdo entre las partes al momento de pactar la división de la propiedad, lo que era conocido por la señora Josefina Feliciano, quien se comprometió a rectificar la situación. Se alega, en otras palabras, que el consentimiento de los recurridos a la Escritura Núm. 40 estuvo viciado de error y/o que dicha Escritura no recogió los verdaderos términos del negocio entre las partes.
Tratándose de un acuerdo entre comuneros para dividir su propiedad mediante escritura se requeriría el concurso de todos éstos. Véanse, 31 L.P.R.A. sees. 1285, 2877; Viuda de Sambolín v. Registrador, 94 D.P.R. 320, 330 (1967); Autoridad de F. Fluviales v. Registrador, 71 D.P.R. 25, 33 (1950). 
Los peticionarios protestan que la versión de los recurridos merece poca credibilidad y que éstos debían entenderse impedidos de contradecir un negocio al cual ofrecieron su consentimiento. Es cierto que nuestro ordenamiento considera con cautela el tipo de reclamación instada en este caso, cuando los términos de un negocio parecen claros y el error reclamable hubiera podido ser conocido. Véanse, 31 L.P.R.A. see. 3471; Marina, Ind., Inc. v. Brown Boveri Corp., 114 D.P.R. 64, 72 (1983); Rosa Valentín v. Vázquez Lozada, 103 D.P.R. 796, 813 (1975); Capó Caballero v. Ramos, 83 D.P.R. 650, 673 (1961).
No obstante, nuestro derecho permite que una parte aporte evidencia extrínseca para cuestionar los términos específicos de un acuerdo, Marina, Ind., Inc. v. Brown Boveri Corp., 114 D.P.R. a la págs. 69-70; Merle v. West Bend Co., 97 D.P.R. 403, 409-410 (1969) o para cuestionar su consentimiento dado por error, 31 L.P.R.A. see. 3405.
El hecho de que el negocio hubiera sido inscrito en el Registro no impide la reclamación, puesto que los peticionarios fueron parte en el contrato impugnado. No pueden, de este modo, ser considerados como terceros regístrales. Cf., 30 L.P.R.A. see. 2355. Banco de Santander v. Rosario Cirino, 126 D.P.R. 591, 608 (1990).
En la situación de autos, existe una evidente controversia de hecho entre las partes sobre la existencia de los lindes de las parcelas. El error alegado envuelve la fijación de los puntos de colindancia en el plano levantado por el agrimensor Hernández, lo que constituye una materia más bien técnica. La contención de los demandantes no es, de su faz, implausible ni existe un fundamento inexpugnable que permita disponer de la controversia por la vía sumaria. Aunque hemos ponderado los planteamientos de los peticionarios en torno a la debilidad de la prueba ofrecida por los recurridos, ante el diáfano contenido de la Escritura Núm. 40 y del plano de lotificación, *843 entendemos que dichas consideraciones son materia para ser evaluada por el juzgador de instancia a la luz del récord de la prueba testifical que las partes puedan ofrecer.
Según expresáramos recientemente:

"Debe tenerse en mente que al adoptarse la Ley de la Judicatura de Puerto Rico de 1994, se proveyó a todas las partes afectadas adversamente por una sentencia emitida en caso de naturaleza civil por el Tribunal de Primera Instancia el derecho a una apelación. 4 L.P.R.A. sec. 22k (Supl. 1196). La existencia de este remedio implica una mayor cautela por este Tribunal a la hora de expedir autos de certiorari para revisar determinaciones interlocutorias a base de planteamientos que bien pueden ser levantados posteriormente por vía de apelación. Sólo cuando en situaciones claras, cuando el derecho de la parte peticionaria al remedio solicitado resulte incuestionable nos parece prudente interrumpir el proceso a nivel del Tribunal de Primera Instancia para intervenir con una decisión."

Torolú Construction, Inc. v. El Fénix de Puerto Rico, Núm. KLCE-97-00017 (sentencia del 30 de enero de 1997, a la pág. 8).
Nuestra determinación de denegar el recurso no conlleva opinión alguna en torno a los méritos de la controversia entre las partes.
Por los fundamentos expresados, se deniega el auto solicitado.
Lo pronunció el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General
ESCOLIO 97 DTA 14
1. No obstante, contrario a lo que sugiere la parte peticionaria, dicho negocio no se considera estrictamente como un acto de enajenación, por cuanto se trata de adjudicar un título pre-existente. Véanse, Díaz v. Registrador, 107 D.P.R. 233, 236 (1978); Shivell v. Barber y Boscio, 92 D.P.R. 400, 410 (1965). No está clara, por lo tanto, la aplicación de los artículos 291 y 1313 del Código Civil, 31 L.P.R.A. sees. 284 y 3672, a la presente controversia, si bien lo anterior no derrotaría la premisa de que el consentimiento del peticionario Ramón Feliciano, y de los demás condueños era necesario para cualquier alteración al negocio original, según indicamos en el texto.