*760 TEXTO COMPLETO DE LA RESOLUCION
Comparece ante nos la codemandada-peticionaria, Carmen Leticia Nevárez Agosto, y nos solicita la revisión de una resolución emitida por el Tribunal de Primera Instancia, Sala Superior de Carolina (Hon. María del Carmen Martínez Lugo, Juez) el 11 de septiembre de 2002. Mediante dicha resolución, el Tribunal de Primera Instancia declaró con lugar la solicitud de los codemandados Angel Marcial y Marilyn ambos de apellidos Agosto Agosto, y dispuso que es nula la institución de herederos hecha por la causante Consuelo Pinero Agosto mediante testamento, así como que no existen mejoras tácitas ni legado en el mismo, abriéndose para la totalidad de la herencia la sucesión intestada. Por ello, el tribunal ordenó que se divida el caudal hereditario en partes iguales entre todos sus herederos.
Luego de estudiados los hechos y el derecho aplicable, se deniega la expedición del auto de certiorari.
I
El 4 de julio de 1984, falleció en Canóvanas, Consuelo Piñero Agosto, quien había otorgado testamento abierto el 1 de julio de 1982 por medio de escritura pública.
El 9 de abril de 1996, Melvin, Edwin, y Benjamín, todos de apellidos Ramos Agosto, así como Gladys Mercedes Núñez Agosto, parte codemandante-recurrida, presentaron ante el Tribunal de Primera Instancia, Sala Superior de Carolina, una petición de liquidación, partición y adjudicación del caudal hereditario de la causante Consuelo Piñero Agosto. Posteriormente, el 11 de agosto de 1997, la parte codemandante-recurrida, Carmen Leticia Nevárez Agosto, presentó demanda enmendada en la cual le solicitó al tribunal que declarara con lugar la demanda y que ordenara la distribución y adjudicación de la herencia en la forma debida, o en su defecto, se nombrara un albacea, administrador judicial y contador-partidor para que ejerciera dichas funciones. El 8 de abril de 1998, los codemandados Carlos Nelson Agosto Agosto, Jorge Luis Agosto Agosto, Margarita Jiménez viuda de Agosto, Luz Margarita Agosto Jiménez, Hilda Iris Agosto Piñero, Grace Agosto Piñero, Carmen Leticia Nevárez Agosto y Rosa Romero Rodríguez, en representación de sus hijos menores Jesús Manuel, Eduardo Luis y Giancarlos, todos de apellidos Agosto Romero, presentaron su contestación a la demandada enmendada. Además, el 2 de abril de 1998, los codemandados Angel Marcial y Marilyn Agosto Agosto presentaron su contestación a la demanda enmendada e impugnaron el testamento otorgado por la causante por alegadamente haberse preterido en el mismo a la codemandada, Marilyn Agosto Agosto. En dicho escrito se alegó que la cláusula séptima del testamento otorgado por la causante en el cual nombró a sus nietos Marcial, Carlos Nelson y Jorge Luis, todos de apellidos Agosto Agosto, en la porción correspondiente a su hijo premuerto Angel Marcial Agosto Piñero, se hizo sin que se incluyera a su hija adoptiva Marilyn Agosto Agosto, parte codemandante-recurrida. Ello causó la preterición de dicha heredera forzosa, por lo que se solicitó que se abriera la sucesión intestada.
Así las cosas, el 25 de enero de 2000, el Tribunal de Primera Instancia emitió una resolución en la cual *761 dispuso que “[hjabiéndose allanado todas las partes en el pleito al planteamiento sobre preterición de la heredera adoptada, Marilyn Agosto, se anula la institución de herederos contenida en el último testamento de la causante Consuelo Piñero Agosto y se abre la sucesión intestada, preservándose la disposición testamentaria en cuanto a mejoras, mandas y legados según la voluntad de la testadora(Certiorari, Ap. V, a la pág. 27.)
El 26 de abril de 2002, Angel Marcial y Marilyn Agosto Agosto presentaron ante el Tribunal de Primera Instancia una Moción Solicitando Resolución Sobre la Participación de Cada Heredero en el Caudal Hereditario y Oposición a Solicitud a Nombramiento de Tasador y de Contador-Partidor. Luego, el 26 de junio de 2002, dichas partes presentaron una Moción Reiterando Solicitud de Resolución Sobre la Partición de Cada Heredero en el Caudal Hereditario. Mediante dicha moción alegaron que en el testamento de la causante no se había hecho mejora tácita o expresa a persona alguna y que, en su defecto, el Tribunal debería disponer que cada estirpe tiene una participación igual en el caudal hereditario. El 8 de julio de 2002, Carmen Leticia Nevárez Agosto, parte codemandada-peticionaria, presentó ante el foro de primera instancia una Réplica a Moción Reiterando Solicitud de Resolución sobre la Participación de cada Heredero en el Caudal Hereditario.
Finalmente, el 11 de septiembre de 2002, el Tribunal de Primera Instancia emitió una resolución mediante la cual declaró con lugar la solicitud de Angel Marcial y Marilyn Agosto Agosto, y expresó que como se declaró nula la institución de herederos y no existen mejoras tácitas o expresas, ni legados, en el testamento, se abría para la totalidad de la herencia la sucesión intestada. Además, el tribunal dispuso que, como consecuencia, el caudal hereditario de Consuelo Piñero Agosto deberá dividirse en partes iguales entre sus herederos directos y cada estirpe tendrá una participación igual en el mismo.
Inconforme con dicha determinación, la parte codemandada-peticionaria, Carmen Leticia Nevárez Agosto, presentó ante este Tribunal recurso de certiorari. Alega que erró el Tribunal de Primera Instancia al determinar que no constituye cosa juzgada lo resuelto mediante Resolución el 25 de enero de 2002, y que erró el Tribunal de Primera Instancia al determinar que la Resolución dictada el -25 de enero de 2002, no adquirió carácter final por no haber incluido el lenguaje requerido en la Regla 43.5 de Procedimiento Civil, 32 L.P.R.A. Ap. Ill, R. 43.5. Por último, alega que erró el Tribunal de Primera Instancia, al no tomar en consideración la última voluntad de la causante Consuelo Piñero Agosto y determinar que no existen mejoras tácitas ni expresas en el testamento.
II-A
Como regla general, al morir una persona, los derechos y obligaciones de ésta se trasmiten a sus herederos. Artículo 599 del Código Civil, 31 L.P.R.A. see. 2081. El conjunto de bienes, derechos y obligaciones que no se extinguen con la muerte del causante, se conoce como herencia. Art. 608, id. see. 2090.
El Artículo 604 del Código Civil, id. see. 2086, establece que la sucesión se defiere por la voluntad del hombre manifestada en testamento y a falta de éste, por disposición de ley. La primera se conoce como la sucesión testamentaria y la segunda como legítima. Id. La sucesión testamentaria es la que resulta de la institución de un heredero o herederos contenida en testamento ejecutado conforme a ley. Artículo 605 del Código Civil, id. see. 2087. Por el contrario, la sucesión legítima o legal es aquélla que la ley ha establecido a favor de los parientes más próximos del difunto. Artículo 606 del Código Civil, id. see. 2087. No obstante, hay situaciones en que parte se podrá deferir por voluntad del hombre, y en otra por disposición de ley. Artículo 604 del Código Civil, id. see. 2086.
El testamento es el acto por el cual una persona dispone para después de su muerte de todos sus bienes, o de parte de ellos. Art. 616, id. see. 2121. El profesor Yélez Torres, citando a Albaladejo, expresa que la mejor manera de definir el concepto del testamento es diciendo que se trata de un “acto solemne (o formal), por el que unilateralmente una persona sola (carácter unipersonal) establece ella misma (carácter personalismo) para después de su muerte, las disposiciones (patrimoniales o no) que le competen, pudiendo siempre revocarlas”. J. R. Vélez Torres, Curso de Derecho Civil, 2da. Ed., San Juan, Universidad Interamericana de Puerto Rico, *762 Facultad de Derecho, 1997, Tomo IV, Vol. III, pág. 55.
Nuestro ordenamiento reconoce la libertad de disposición del testador o jus disponendi. No obstante, algunas disposiciones del Código Civil establecen limitaciones a este principio. Fernández Franco v. Castro Cardoso, 119 D.P.R. 154 (1987). Así por ejemplo, existe una porción de bienes de la cual el testador no puede disponer “por haberla reservado la ley a determinados herederos, llamados por esto herederos forzosos”. Artículo 735 del Código Civil, 31 L.P.R.A. see. 2361.
Antoniette Licari, et. al. v. Dorna, Opinión de 2 de junio de 1999, 99 J.T.S. 90, a la pág. 1109. Es por esto que nuestro sistema de derecho sucesorio está cimentado en dar cumplimiento a la voluntad del testador en la disposición de sus bienes en lo que no sea contrario a la ley. Moreda Toledo v. Rosselli, Opinión de 3 de marzo de 2000, 2000 J.T.S. 69, a la pág. 951. Véase además: Torres Ginés v. ELA, 118 D.P.R. 431 (1987). En reiteradas ocasiones se ha expresado que la voluntad del testador es la “ley de la Sucesión”. Id. Véase también, Antoniette Licari, et. al. v. Dorna, supra, a la pág. 1106.
El Artículo 735 del Código Civil, supra, sec. 2361, establece que la legítima es la porción de bienes de la cual el testador no puede disponer porque la ley la reserva para determinados herederos, llamados herederos forzosos. Por su parte, el Artículo 736 del Código Civil, id. see. 2362, establece que son herederos forzosos los hijos y descendientes respecto de sus padres y ascendientes. A falta de los anteriores, son herederos forzosos los padres y ascendientes respecto de sus hijos y descendientes. También es heredero forzoso el viudo o la viuda, pero sólo respecto a la cuota viudal usufructuaria.
Por otro lado, el Artículo 737 del Código Civil, id. see. 2363, establece que la legítima de los hijos y descendientes consiste en las dos terceras partes del haber hereditario del padre y de la madre. Sin embargo un testador podrá disponer de una parte de las dos que forman la legítima, para aplicarla como mejora a sus hijos y descendientes legítimos o naturales legalmente reconocidos. Id. La tercera parte restante es conocida como el tercio de libre disposición. Id.
La cláusula de institución de herederos que contiene un testamento es la designación concreta que hace el testador de la persona o personas que él desea que le sucedan a título universal, o sea, en la totalidad o una parte alícuota de sus bienes, derechos u obligaciones transmisibles. J. R. Vélez Torres, supra, a la pág. 158. Mediante esta cláusula, el testador llama a las personas que habrán de sustituirle a su muerte, recibiendo su patrimonio, distribuyendo los bienes y pagando las deudas en la porción en que hayan sido beneficiados. Id.
Cuando un testador priva tácita y totalmente de su legítima a un heredero forzoso se da lo que se conoce como preterición. Blanco v. Sucn. Blanco Sancio, 106 D.P.R. 471, 475 (1977). La preterición consiste en omitir a un heredero en el testamento o cuando aun nombrándole como padre, hijo, o en otro carácter, no se instituye como heredero ni se le deshereda expresamente, y tampoco se le asigna parte alguna de los bienes, por lo cual es privado de un modo tácito de su derecho a legítima. Cabrer v. Registrador, 113 D.P.R. 424, 437 (1982); Blanco v. Sucn. Blanco Sancio, supra a la pág. 476.
El Artículo 742 del Código Civil, supra, sec. 2368, establece respecto al concepto de la preterición que:

“§2368. Preterición de herederos forzosos; del cónyuge viudo

La preterición de alguno o de todos los herederos forzosos en línea recta, sean que vivan al otorgarse el testamento o sea que nazcan después de muerto el testador, anulará la institución del heredero; pero valdrán las mandas y mejoras en cuanto no sean inoficiosas.

La preterición del viudo o viuda no anula la institución; pero el preferido conservará los derechos que le 
*763
concede este título.

Si los herederos forzosos, preteridos mueren antes que el testador, la institución surtirá efecto. ”

[Enfasis suplido.]
La preterición de un heredero forzoso no produce la nulidad del testamento; el efecto de la preterición de un heredero forzoso en línea recta es la nulidad de la institución de herederos, la cual no debe ser confundida con la nulidad del testamento. Cabrer v. Registrador, supra, a la pág. 436; Blanco v. Sucn. Blanco Sancio, supra; Díaz Lamoutte v. Luciano, 85 D.P.R. 834, 857-858 (1962); Cortés v. Cortés, 73 D.P.R. 693 (1952). Si aun heredero no se le instituye en un testamento, pero se le deja por lo menos un legado, ello no conlleva su preterición y no queda anulada la institución de herederos. Id.
Bajo los términos del Artículo 742 del Código Civil, supra, en los casos de preterición testamentaria de un heredero forzoso, se cae la cláusula de institución de herederos, quedando abierta y produciéndose la sucesión intestada en cuanto a todos los herederos, aunque respetándose las mandas y mejoras que no sean inoficiosas. Véase: E. González Tejeras, Derecho Sucesorio Puertorriqueño, San Juan; Puerto Rico, Ramallo Bros. Printing, Inc., 1983, a la pág. 429; Cortés v. Cortés, supra, a la pág. 707. Sólo las mejoras a título particular sobreviven la preterición de heredero porque, como ya dijéramos, la mejora a título universal es una institución de herederos, que cae si hay preterición, según los términos del Artículo 472, supra.
La sanción de nulidad provista por el Artículo 472 del Código Civil, id., para la preterición de heredero, no se detiene en lo que perjudique las legítimas, a diferencia de la preterición en casos de desheredación sin causa. Blanco v. Sucn. Blanco Sancio, supra, a la pág. 478.
[C]uando se haga un llamamiento en parte alícuota, cualquiera que sea la fórmula empleada por el testador y aunque éste haya empleado la palabra legado, al disponer de una cuota abstracta, de una unidad ideal independiente de su contenido material-, el testador ha revelado que su intención fue transmitir una universalidad, realizar una transmisión a título universal, y, por consiguiente, designar un heredero.
Blanco v. Sucn. Blanco Sancio, supra, a la pág. 477; Vivaldi v. Registrador, 86 D.P.R. 629, 641 (1962). Es por esto que se llama heredero al que sucede a título universal, y legatario, el que sucede a título particular. Véase: Artículo 609 del Código Civil, supra, sec. 2122.
En situaciones como la descrita anteriormente en la cual hay preterición de heredero forzoso y el testador hizo mejoras a título universal y no a título particular, la designación no es válida debido a que instituyó a los beneficiarios como herederos y no como legatarios. Ello tiene como consecuencia que se abre para todo el caudal hereditario la sucesión intestada.
Por eso, se ha establecido que la sucesión intestada es aquel conjunto de normas de derecho establecido en el Código Civil para regular la ordenación y distribución del caudal de una persona que fallece sin testamento o con testamento total o parcialmente ineficaz. E. González Tejera, supra, a la pág. 46; Fernández Franco v. Castro Cardoso, 119 D.P.R. 154, 160 (1987).
Al respecto, el Artículo 875 del Código Civil, supra, sec. 2591, establece los casos en los cuales tendrá lugar la sucesión legítima:

“§ 2591. Sucesión legítima, cuándo tiene lugar

La sucesión legítima tiene lugar:

*764
(1) Cuando uno muere sin testamento, o con testamento nulo, o que haya perdido después su validez.

(2) Cuando el testamento no contiene institución de heredero en todo o en parte de los bienes, o no dispone de todos los que corresponden al testador. En este caso, la sucesión legítima tendrá lugar solamente respecto de los bienes que no hubiese dispuesto.

(3) Cuando falta la condición puesta a la institución de herederos, o éste muere antes que el testador, o repudia la herencia sin tener sustituto y sin que haya lugar al derecho de acreecer.

(4) Cuando el heredero instituido es incapaz de suceder. ” [Enfasis suplido.]
B
La codemandada-peticionaria, Carmen Leticia Nevárez Agosto, alega que erró el Tribunal de Primera Instancia al evaluar la última voluntad del testador y determinar que no hubo mejoras tácitas ni expresas en el testamento de la causante Consuelo Piñero Agosto. Este error no se cometió.
La distribución que hizo la causante Consuelo Piñero Agosto en su testamento muestra indicios claros de su intención de que permanezca toda la herencia, en poder de sus hijos. Esto se evidencia, dado que la testadora, al momento de distribuir su caudal hereditario, no varió el lenguaje utilizado para asignar las porciones del tercio de mejora y libre disposición. En las cláusulas séptima y octava del testamento, al respecto, se expresó lo siguiente:
" — SEPTIMO: por medio del presente documento lega a sus hijos, Sotero, María Mercedes, Manuel, Angel Marcial, Carlos Nelson, Aida Marina, Hilda Iris, Carmen Delia, Grace y Luis Manuel, todos de apellidos Agosto Pinero, la legítima estricta que en derecho le corresponda. Manifiesta la testadora en aquel caso de sus hijos muertos, heredarán la participación sus nietos nombrados en el hecho TERCERO del presente instrumento público. Sigue manifestando la testadora que en el tercio de mejora instituye como herederos por partes iguales a los siguientes, Manuel, Aida Marina, Carlos Nelson, Hilda Iris, Carmen D/, todos de apellidos Agosto Piñero.—
—OCTAVO: Que del Tercio de Libre Disposición instituye como herederos a sus hijos Manuel, Aida Marina, Carlos Nelson, Hilda Iris, Carmen D., todos de apellidos Agosto Piñero, por partes iguales. — ” .
0Certiorari, Ap. Ill, a las págs. 18-19.)
Como podemos ver, la testadora no expresa en su testamento la designación de legados específicos de los bienes comprendidos en el caudal hereditario, sino que, por el contrario, les deja a sus hijos Manuel, Carlos Nelson, Aida Marina, Hilda Iris y Carmen Delia, todos de apellidos Agosto Piñero, una porción abstracta sujeta a liquidación y determinación particional, como lo está toda la masa hereditaria. Véase: Blanco v. Sunc. Blanco Sancio, supra, a las págs. 477-478. Como estos hijos no fueron tratados en el testamento como legatarios, es forzoso concluir que la intención de la testadora fue instituirlos no como legatarios, sino como herederos a título universal.
Además, como el tercio de mejora, así como el de libre disposición dejado por Consuelo Piñero Agosto a sus hijos Manuel, Carlos Nelson, Aida Marina, Hilda Iris y Carmen Delia, todos de apellidos Agosto Piñero, es una herencia y no un legado, la institución de herederos es nula por la preterición de la nieta codemandada, Marilyn Agosto Agosto, heredera forzosa por sustitución, tras la muerte de un padre, hijo de la causante.
En casos como este es que procede la penalidad especial impuesta por el Artículo 742 del Código Civil, supra, de anular la cláusula de institución de herederos y a su vez cancelar la autonomía que tiene el testador sobre el tercio de mejora y el tercio de libre disposición. Se protege así la intención de la testadora de beneficiar a todos su hijos, pero sin perjudicar los derechos de herederos forzosos. Por ende, lo que procede en derecho es lo *765 que en efecto dispuso el Tribunal de Primera Instancia: anular la cláusula de institución de herederos y abrir para toda la herencia la sucesión intestada.
III
La codemandada-peticionaria, Carmen Leticia Nevárez Agosto, también alega que erró el Tribunal de Primera Instancia al determinar que no constituye cosa juzgada, lo dispuesto en su Resolución de 25 de enero de 2002. Este señalamiento de error tampoco se cometió.
La doctrina de cosa juzgada requiere que estén presentes ciertos requisitos en el caso en cuestión, de manera que pueda plantearse, en un segundo litigio, la defensa de cosa juzgada y que el pleito no pueda litigarse nuevamente. Estos requisitos son: (1) que haya una primera sentencia válida, final y firme que adjudique los hechos y resuelva una controversia en sus méritos; (2) que las partes en el primer litigio sean las mismas en el segundo; (3) que en ambos pleitos se trate del mismo objeto o asuntó; (4) que en el primer pleito se haya pedido igual remedio que el que se pide en el segundo; y (5) que las partes litiguen en la misma calidad en ambos pleitos. Artículo 1204 del Código Civil, 31 L.P.R.A. see. 3343; Bonafont Solis v. American Eagle Executive Airline, 143 D.P.R. 374 (1997); Banco de la Vivienda v. Rafael Carlo Ortiz, 130 D.P.R. 730 (1992); Negrón v. C.I.T. Fin. Serv., 111 D.P.R. 657 (1981); y Pagán Hernández v. UPR, 107 D.P.R. 720 (1978).
En el caso que nos ocupa, el Tribunal de Primera Instancia emitió una Resolución el 25 de enero de 2002 en la cual dispuso que “[hjabiéndose allanado todas las partes en el pleito al planteamiento sobre preterición de la heredera adoptada, Marilyn Agosto, se anula la institución de herederos contenida en el último testamento de la causante Consuelo Piñero Agosto y se abre la sucesión intestada, preservándose la disposición testamentaria en cuanto a mejoras, mandas y legados según la voluntad de la testadora.” (Certiorari, Ap. V, a la pág. 27.) Por no constituir esto una sentencia y sí una resolución interlocutoria, es preciso concluir, igual que lo hizo el foro de primera instancia, que no le es de aplicación la doctrina de cosa juzgada. A lo sumo, se podría invocar la doctrina de la ley del caso. Sobre ley del caso, véase Management Adm. Servs. Corp. v. E.L.A., Opinión de 29 de noviembre de 2000, 2000 J.T.S. 189. No obstante, esta doctrina tampoco es de aplicación al caso, ya que ésta no se puede sostener contra una resolución interlocutoria errónea y en contravención de la ley, lo que podría causar una gran injusticia. Management Adm. Servs. Corp. v. E.L.A., supra, a la pág. 439.
Cónsono con lo anteriormente expuesto, es forzoso concluir que no erró el Tribunal de Primera Instancia al determinar que no era de aplicación al caso de autos la doctrina de cosa juzgada. Además hay que señalar que al presente caso tampoco le es de aplicación la ley del caso, debido a que el dictamen emitido por el Tribunal de Primera Instancia en su Resolución de 25 de enero de 2002 era erróneo y en contravención de la ley susceptible a ser corregido durante el proceso. En otras palabras, no hay ninguna mejora, manda o legado que proteger.
IV
Por los fundamentos anteriormente expuestos, se deniega la expedición del auto de certiorari.
Lo acordó el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau Secretaria General