ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL II

| | | |
|---|---|---|
| KARLIANNE CINTRÓN RODRÍGUEZ<br><br>Apelante<br><br>v.<br><br>ANA I. ALBIZU MERCED<br><br>Apelada | KLAN202400906 | *Apelación* procedente del Tribunal de Primera Instancia, Sala de Guaynabo<br><br>Caso Núm. GB2023CV00917<br><br>Sobre: Acción Reivindicatoria y otros |

Panel integrado por su presidente el Juez Bermúdez Torres, la Jueza Martínez Cordero y el Juez Cruz Hiraldo

**SENTENCIA**

En San Juan, Puerto Rico, a 3 de febrero de 2025.

I.

El 11 de octubre de 2023, la Sra. Karlianne Cintrón Rodríguez presentó una *Demanda* contra de la Sra. Ana Albizu Merced, solicitó impugnar el testamento otorgado por su padre, el Sr. Carlos Enrique Cintrón Santiago. En referido testamento, Don Carlos Enrique, además de instituir como heredera universal a su excónyuge, la señora Albizu Merced, desheredó expresamente a la señora Cintrón Rodríguez por la séptima causal de desheredación del Art. 778 del Código Civil de 1930.[1]

Tras solicitar prórrogas para contestar la *Demanda* y no hacerlo, el 1 de marzo de 2024 el Tribunal de Primera Instancia le anotó rebeldía. Celebrada la correspondiente vista en rebeldía,[2] el 16 de septiembre de 2024 el foro primario dictó *Sentencia.*[3]

---

[1] El inciso (7) del Art. 778 del Código Civil de 1930 establece que será justa causa para desheredar el "[h[aber sido el hijo o descendiente negligente en tomar a su cuidado al testador, encontrándose éste enfermo."

[2] El 12 de agosto de 2024 se celebró vista en rebeldía y la señora Cintrón Rodríguez desfiló su prueba, la que consistió de su propio testimonio y el de la señora Albizu Merced.

[3] En la Sentencia el Tribunal de Primera Instancia desglosó las siguientes determinaciones de hechos:
1. El Sr. Carlos Enrique Cintrón Santiago falleció el 24 de febrero de 2020.

Determinó que, la evidencia no justificó la desheredación de la señora Cintrón Rodríguez y que, aunque se reconociera algún mérito a la causal, los actos posteriores al testamento evidencian la reconciliación entre Don Carlos Enrique y la señora Cintrón Rodríguez. Ello así, anuló la institución de herederos consignada por Don Carlos Enrique en el testamento de 13 de mayo de 2017, en cuanto a la desheredación de la señora Cintrón Rodríguez de su derecho a la legitima. Concluyó que, no habiendo otro heredero forzoso, corresponde a la señora Cintrón Rodríguez la totalidad de la legítima y el tercio de mejora. Sin embargo, mantuvo en vigor la disposición del testamento sobre el terció de libre disposición en favor de la señora Albizu Merced.

El 16 de septiembre de 2024 la señora Cintrón Rodríguez presentó una *Moción de Reconsideración* al tribunal. El 17 de septiembre de 2024 el Foro a *quo* declaró No Ha Lugar la solicitud de *Reconsideración*. Inconforme, el 9 de octubre de 2024 la señora Cintrón Rodríguez acudió ante nos mediante *Apelación*. Plantea:

1. **EL TPI ERRÓ EN LA SENTENCIA APELADA AL NO ANULAR Y DEJAR SIN EFECTO LA TOTALIDAD DE LA INSTITUCIÓN DE HEREDEROS EN EL TESTAMENTO IMPUGNADO CUANDO EL TPI DETERMINÓ QUE LA HIJA APELANTE FUE**

---

2. Otorgó testamento el 3 de mayo de 2017, ante el notario Andrés Rodriguez Burgos, escritura 4, en que expresamente desheredó a su única hija, la Sra. Karlianne Cintrón Rodríguez.

3. Instituyó como heredera universal a su exesposa, la Sra. Ana Albizu Merced, de quien estaba divorciado.

4. La Oficina de Inspección de Notarías certificó el registro del testamento del señor Cintrón Santiago, al tomo y folio 0496214.

5. La Sra. Karlianne Cintrón Rodríguez nació el 29 de septiembre de 1987, por lo que tiene 36 años de edad.

6. La señora Cintrón Rodríguez tenía buena relación con su señor padre y compartieron en múltiples ocasiones.

7. El señor Cintrón Santiago comenzó a confrontar problemas de salud en 2014.

8. El señor Cintrón Santiago residió en el hogar de su hija Karlianne Cintrón Rodríguez del 2014-2017.

9. Se mudó a los bajos de la residencia de la señora Albizu Merced en el 2018.

10. Una vez empeoró la salud del señor Cintrón Santiago, con fallo renal y amputación de una pierna, su hija estuvo al pendiente de su cuidado de salud, le transportó y acompañó a citas médicas, más le visitaba al hospital. Incluso se ofreció como donante de riñón, pero el trasplante no resultó viable por las diversas complicaciones de su señor padre.

11. La señora Albizu Merced no posee el inmueble en controversia, sito en Dorado, puesto que la entidad bancaria acreedora ejecutó la hipoteca por deuda, hecho aceptado en corte abierta por la parte demandante. Anejo 3 del *Apéndice* de la parte recurrente.

**INJUSTIFICADAMENTE DESHEREDADA POR SU PADRE EN DICHO TESTAMENTO IMPUGNADO, Y CUANDO EL TPI DETERMINÓ QUE LOS ACTOS POSTERIORES AL TESTAMENTO EVIDENCIAN LA RECONCILACIÓN ENTRE EL TESTADOR Y SU HIJA APELANTE.**

2. **EL TPI ERRÓ AL RESOLVER LIMITADAMENTE QUE LA APELANTE COMO ÚNICA HEREDERA FORZOSA, TIENE DERECHO SOLAMENTE AL TERCIO FORZOSO Y AL TERCIO DE MEJORAS (LA LEGÍTIMA) PERO NO AL TERCIO DE LIBRE DISPOSICIÓN SEGÚN LAS CIRCUNSTANCIAS DE ESTE CASO.**

3. **EL TPI ERRÓ AL DETERMINAR, SEGÚN LA INSTITUCIÓN DE HEREDEROS DEL TESTAMENTO IMPUGNADO, QUE LA APELADA SRA. ALBIZU, EXESPOSA DEL CAUSANTE, RETIENE SU CUALIDAD DE "HEREDERA" EN EL TERCIO DE LIBRE DISPOSICIÓN QUE EL TPI LE RECONOCE EN LA SENTENCIA APELADA Y AL DETERMINAR QUE LA APELADA ES "COTITULAR EN COMÚN PROINDIVISO".**

4. **EL TPI ERRÓ AL CONCEDERLE A LA APELADA, <u>EXESPOSA DEL CAUSANTE</u>, DERECHOS HEREDITARIOS QUE NO TIENE, QUE NO LE CORRESPONDEN, QUE NO SURGEN DEL TESTAMENTO, QUE NO SURGEN DE LA PRUEBA NI SURGEN DEL DERECHO APLICABLE.**

El 24 de octubre de 2024 concedimos término de treinta (30) días a la parte apelada, señora Albizu Merced, para presentar su alegato en oposición. Sin embargo, transcurrido el plazo otorgado, la señora Albizu Merced no compareció. Resolveremos sin el beneficio de su comparecencia.

II.

Referente a las disposiciones sobre los testamentos otorgados previo a la vigencia del Código Civil actual, el Art. 1816 establece:

> **Los derechos a la herencia de quien ha fallecido, con testamento o sin él, antes de entrar en vigor este Código, se rigen por la legislación anterior.** La herencia de los fallecidos después, sea o no con testamento, se adjudica y reparte con arreglo a este Código; pero cumpliendo, en cuanto este lo permita, las disposiciones testamentarias. Se respetarán, por lo tanto, las legítimas, las mejoras y los legados; pero reduciendo su cuantía, si de otro modo no se puede dar

a cada partícipe en la herencia lo que le corresponde según el Código.[4]

Conforme al Art. 736 del derogado Código Civil 1930, son herederos forzosos:

(1) Los hijos y descendientes legítimos respecto de sus padres y ascendientes legítimos, y los hijos naturales legalmente reconocidos respecto de sus padres y ascendientes naturales o legítimos. (2) A falta de los anteriores, los padres y ascendientes legítimos respecto de sus hijos y descendientes legítimos. (3) El viudo o viuda en la forma o medida que establecen los Artículos 761, 762, 763, y 764 de este Código.[5]

En cuanto a la legitima, el referido Código establece que, "[c]onstituyen la legítima de los hijos y descendientes legítimos las dos terceras partes del haber hereditario del padre y de la madre. Sin embargo, podrán éstos disponer de una parte de las dos que forman la legítima, para aplicarla como mejora a sus hijos y descendientes legítimos o naturales legalmente reconocidos. **La tercera parte restante será de libre disposición**."[6]

La norma establece que, "[e]l testador no podrá privar a los herederos de la legítima salvo en casos establecidos por Ley".[7] "La privación expresa de la legítima constituye la desheredación".[8] Al respecto, "[e]l testador puede desheredar a sus herederos forzosos en testamento y en virtud de una justa causa de las consignadas en la ley que resulte cierta y pueda probarse caso necesario".[9]

El Art. 773 establece que "[l]a desheredación sólo podrá tener lugar por alguna de las causas que expresamente señala la ley".[10] De igual forma, el Art. 774 dispone que la desheredación solo podrá hacerse en testamento.[11] No obstante, el testador tiene facultad para desheredar a un heredero forzoso únicamente por las causales que

---

[4] 31 LPRA § 11721.
[5] 31 LPRA § 2362 (ed. 1930).
[6] *Id.* § 2363 (énfasis nuestro).
[7] *Id.* § 2367.
[8] *Blanco* v. *Sucn. Blanco Sancio,* 106 DPR 471, 475 (1977).
[9] *Id.* en la pág. 476.
[10] 31 LPRA § 2451 (ed. 1930).
[11] *Id.* § 2452.

establece el Código Civil 1930. En lo pertinente, "[s]erán también justas causas para desheredar a los hijos y descendientes . . .".[12] "(7) Haber sido el hijo o descendiente negligente en tomar a su cuidado al testador, encontrándose este enfermo".[13] Del mismo modo, referido Código contempla los efectos de una posible reconciliación posterior a la desheredación. "La reconciliación posterior del ofensor y del ofendido priva a éste del derecho de desheredar, y deja sin efecto la desheredación ya hecha".[14] "La prueba de ser cierta la causa de la desheredación corresponderá a los herederos del testador, si el desheredado la negare".[15]

En cuanto al efecto de la desheredación en casos dónde no se exprese una causa o esta sea contradicha, el Art. 776 dispone:

> La desheredación hecha sin expresión de causa, o por causa cuya certeza, si fuere contradicha, no se probare, o que no sea una de las señaladas en las cuatro siguientes secciones, **anulará la institución de heredero en cuanto perjudique al desheredado pero valdrán los legados, mejoras y demás disposiciones testamentarias en lo que no perjudique a dicha legítima.**[16]

### III.

La señora Cintrón Rodríguez alega que erró el Tribunal de Primera Instancia al no anular y dejar sin efecto las cláusulas testamentarias del testamento de su padre, Don Carlos Enrique, tras determinar que la evidencia no justifica su desheredación. Aduce que erró el Foro a *quo* al determinar que le corresponde el tercio de libre disposición. No tiene razón.

A pesar de que el Tribunal de Primera Instancia determinó mediante la evidencia presentada por la señora Cintrón Rodríguez, que su desheredación no fue justificaba, correctamente resolvió que a ella correspondía la totalidad de la legítima y el tercio de mejora,

---

[12] *Id.* § 2456.
[13] *Id.* § 2456.
[14] *Id.* § 2459.
[15] *Id.* § 2453.
[16] *Id.* § 2454 (énfasis nuestro).

pero no la libre disposición.  Ello es consecuente con el Art. 776 del Código Civil que establece que, una desheredación inválida **anula la institución de heredero en cuanto perjudique al desheredado pero valdrán los legados, mejoras y demás disposiciones testamentarias en lo que no perjudique a dicha legítima**".[17]

En el testamento fue la última voluntad del testador instituir como única y universal heredera a la señora Albizu Merced, lo que incluye haberle dejado en herencia el tercio de la libre disposición. Anulada la institución de herederos respecto a la legítima estricta y la mejora, prevalece el tercio de libre disposición tal y como lo quiso el causante testador. La determinación del Foro a *quo* sobre la libre disposición a favor de la señora Albizu Merced es correcta en derecho debido a que no perjudica la parte de la legítima.

IV.

Por los fundamentos antes expuestos, se *confirma* el dictamen recurrido.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[17] *Id.* § 2454 (énfasis nuestro).