ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL ESPECIAL[1]

| SUCESIÓN DE MIRIAM MAGDALENA DOMENECH ROSADO, COMPUESTA POR ISMAEL H. HERRERO DOMENECH<br><br>Apelada<br><br>v.<br><br>Ángel Manuel Torres Cubano<br><br>Apelante | **KLAN202400366** | *Apelación* procedente del Tribunal de Primera Instancia Sala Superior de San Juan<br><br>Civil Núm.<br>K AC2015-0501<br><br>Sobre:<br>Liquidación de Cuota Viudal Usufructuaria |
|---|---|---|

Panel integrado por su presidente el Juez Bonilla Ortiz, la Jueza Mateu Meléndez y la Jueza Prats Palerm.

Bonilla Ortiz, Juez Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 8 de noviembre de 2024.

Comparece ante este foro el Sr. Ángel Manuel Torres Cubano (señor Torres o "el apelante") y solicita que revisemos una *Sentencia*, emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan, notificada el 10 de noviembre de 2023. Mediante esta, el foro primario determinó que la cuota usufructuaria viudal del señor Torres, resultaba en un balance negativo de $26,531.55. Consecuentemente, el foro primario ordenó al apelante a pagar dicha suma al Sr. Ismael Herrero Otero (señor Herrero o "el apelado"), más las costas y los gastos del litigio. A su vez, ordenó al apelante a suscribir los documentos para la perfección de los títulos de propiedad de los inmuebles que correspondían

---

[1] De conformidad con la Orden Administrativa OATA-2024-121, debido a la inhibición del Hon. Félix R. Figueroa Cabán, se modifica la integración del Panel.

a la sucesión de la causante, compuesta únicamente por el señor Herrero.

Por los fundamentos que se exponen a continuación, **CONFIRMAMOS** la *Sentencia* apelada.

I.

El 28 de mayo de 2015, el señor Torres presentó una *Demanda* sobre liquidación de cuota viudal usufructuaria en contra de la Sra. Miriam Magdalena Domenech Rosado, por sí y en representación de la sucesión Miriam Herrero Domenech (señora Herrero o "la causante").[2] Alegó que, el 6 de septiembre de 2011 su esposa, la señora Herrero falleció intestada, dejando como únicos herederos a su madre, la Sra. Miriam Domenech Rosado[3] y al apelante, en la cuota viudal usufructuaria. Arguyó que, no se estableció una cuota viudal usufructuaria, por lo que no había recibido su participación de esta. Enfatizó, que realizó múltiples gestiones extrajudiciales, para lograr liquidar su acreencia. No obstante, esbozó que dichas gestiones resultaron infructuosas.

Así pues, reiteró que era su interés que se dividieran los bienes hereditarios y, se adjudicara su participación de la herencia respecto a la cuota viudal usufructuaria. Por todo lo anterior, solicitó la suma de $9,500.00 por concepto de gastos legales y costas de litigio y, que se ordenara la división de la comunidad hereditaria.

Tras varios trámites procesales, el 22 de febrero de 2022, el foro primario emitió una *Orden* en la cual señaló la *Conferencia con Antelación a Juicio* para el 28

---

[2] Demanda, anejo XIII, págs., 421-425 del apéndice del recurso.
[3] La Sra. Miriam Magdalena Domenech Rosado, heredera universal de la causante, falleció el 5 de mayo de 2017, sucediéndole como heredero, su hijo, el señor Herrero.

de junio de 2022 y, el *Juicio* en su fondo para el 24 de agosto de 2022.[4] Conforme ordenado, el 21 de junio de 2022, las partes presentaron el *Informe de Conferencia Preliminar entre Abogados con Antelación al Juicio*.[5] Más adelante, el 24 de junio de 2022, ambas partes presentaron su prueba documental.[6]

Posteriormente, el 28 de julio de 2022, el apelante presentó su *Moción sobre Derecho Aplicable a la Conmutación del Usufructo Viudal de la Parte Demandante, Sr. Ángel Torres*.[7] En síntesis, adujo que el único heredero de la causante era su hermano y, que este heredaba como colateral preferente y, no como ascendiente. Es decir, que tenía derecho a la mitad de la herencia y, no una tercera parte de esta. Por tanto, el apelante razonó que concurría a la cuota viudal usufructuaria.

De otra parte, argumentó que el foro primario debía emitir una sentencia en la cual estableciera la cuantía total de la cuota viudal usufructuaria e incluyera el valor de las rentas no pagadas por once (11) años, entiéndase dese el día en que falleció su esposa el 6 de septiembre de 2011. Además, solicitó que se ordenara al señor Herrero a la conmutación de la deuda. Sostuvo que el apelado estuvo en control absoluto de los bienes y disfrutó de estos y sin pagarle durante esos años. Indicó que, nunca hubo una intención de pagarle el usufructo correspondiente. Asimismo, esbozó que existía

---

[4] *Orden*, anejo XII págs. 421-425 del apéndice del recurso.
[5] *Informe de Conferencia Preliminar entre Abogados con Antelación al Juicio*, anejo X págs. 48-58 del apéndice del recurso.
[6] *Moción Sometiendo Prueba y Aclaratoria*, anejo V págs. 19-20 del apéndice del recurso. *Moción en Cumplimiento de Orden Sometiendo Prueba Documental*, anejo VI págs. 21-28 del apéndice del recurso.
[7] *Moción sobre Derecho Aplicable a la Conmutación del Usufructo Viudal de la Parte Demandante, Sr. Ángel Torres*, anejo VIII págs. 36-40 del apéndice del recurso.

un enriquecimiento injusto por parte del apelado, toda vez que la ascendiente, madre de la causante, había fallecido. El 9 de septiembre de 2022, el apelante presentó su *Moción Sobre Derecho Aplicable a las Anualidades Adeudadas y Conmutaciones del Usufructo Viudal Correspondiente a la Parte Demandante* en la cual reiteró sus planteamientos anteriores.[8]

En respuesta, el 15 de septiembre de 2022, el señor Herrero presentó su *Moción en Torno a la Conmutación y las Obligaciones del Caudal*.[9] Adujo que, las partes acordaron que el monto total del caudal relicto de la causante era de $1,491,399.00, por lo que la partida a conmutarse era de $282,173.00. Asimismo, reiteró que el apelante aceptó la herencia respecto al usufructo viudal con ascendiente. Además, planteó que el Art. 765 del Código Civil de 1930, 31 LPRA sec. 2415, disponía el pago de rentas procedía, únicamente, cuando la misma era vitalicia y para conmutar por ese método de pago, la cuota viudal usufructuaria. Argumentó que, el señor Torres retuvo la posesión y disfrute de propiedades inmuebles de la causante, devengando ingresos que no fueron compartidos con dicho caudal. Por todo lo anterior, esbozó que no procedía el pago de rentas desde la fecha del fallecimiento de la causante.

Celebrado el juicio el 24 de agosto de 2022, evaluadas las mociones y argumentos de las partes, el 10 de noviembre de 2023, el foro primario notificó la

---

[8] *Moción Sobre Derecho Aplicable a las Anualidades Adeudadas y Conmutaciones del Usufructo Viudal Correspondiente a la Parte Demandante*, anejo VII págs. 29-35 del apéndice del recurso.
[9] *Moción en Torno a la Conmutación y las Obligaciones del Caudal*, anejo IX págs. 41-47 del apéndice del recurso.

*Sentencia* apelada en la cual realizó las siguientes determinaciones de hechos:[10]

1. El señor Ángel Torres Cubano contrajo nupcias con la señora Miriam M. Herrero Domenech (Causante), el 22 de septiembre de 2002, bajo el régimen de separación de bienes, otorgadas el 26 de agosto de 2002.

2. La Causante, la señora Miriam M. Herrero Domenech, nació el 3 de mayo de 1961 en San Juan, Puerto Rico; hija de Ismael H. Herrero Otero y Miriam Magdalena Domenech Rosado.

3. El señor Ángel Torres Cubano nació el 25 de diciembre de 1950.

4. La señora Miriam M. Herrero Domenech falleció intestada el 6 de septiembre de 2011.

5. Al momento del fallecimiento de la Causante, ésta estaba casada con el Sr. Torres.

6. La Causante no tuvo ni adoptó hijos.

7. A la Causante le sucedió en calidad de heredera universal su madre, Doña Miriam Magdalena Domenech Rosado (Sra. Domenech) y el Sr. Torres, en cuanto a la cuota usufructuaria viudal, K AC2015-0501 Página 2 de 8 conforme surge de la Resolución de Declaratoria de Herederos emitida en el caso civil número K JV2011-2444. Tomamos conocimiento judicial de dicha Resolución de Declaratoria de Herederos.

8. La Sra. Domenech, heredera universal de la Causante, falleció el 5 de mayo de 2017, sucediéndole como heredero, su hijo, el aquí demandando y reconviniente, Ismael H. Herrero Domenech (Sr. Herrero), conforme surge de la Resolución de Declaratoria de Herederos en el caso civil número K JV2017-1161. Tomamos conocimiento judicial de dicha Resolución de Declaratoria de Herederos.

9. La Causante falleció con ascendencia y sin descendencia y, mediante capitulaciones matrimoniales bajo el Código Civil de Puerto Rico, edición de 1930, según enmendado.

10. El caudal relicto de la Causante, conforme estipulado por las partes en el Informe de Conferencia con Antelación a Juicio, fechado 21 de junio de 2022, se

---

[10] *Sentencia*, anejo IV págs. 11-18 del apéndice del recurso.

compone de los siguientes activos y participaciones:

a. 50% de participación en la residencia en la Urbanización las Cumbres, Rio Piedras, Puerto Rico, valorado en $92,500.

b. Apartamento 18 en El Falansterio, Puerta de Tierra, San Juan, Puerto Rico, valorado en $50,000.

c. 25% de participación en residencia en la Romany Park, Rio Piedras, Puerto Rico, valorado en $102,500.

d. 25% de participación en apartamento #2, Condominio Atlantic, Luquillo, Puerto Rico, valorado en $37,500.

e. 6.25% de interés en producto de venta de residencia Puigdoller, valorado en $4,101.

f. Cuenta de inversiones en UBS Financial Services, valorado en $269,899.07.

g. Fondos en cuenta de cheques en Doral Bank, valorado en $4,100.

h. Cuenta de cheques en RG Premier Bank, valorado en $15,304.

i. 7.75% de participación en producto de la venta de activo inmobiliario en Inversiones Cocoher,

j. 6.25% de participación en Corcol Investment.

k. Vehículo Toyota RAV4, Modelo 1996, valorado en $2,300.

l. 25% de participación en el producto de Sentencia obtenida contra Correa Calzada, valorado en $100,000, neto de la porción proporcional de $18,750 por concepto de honorarios de abogado al Lic. Juan R. González, a saber $81,250.00.

m. Producto obtenido de litigio contra Popular Securities, valorado en $2,907.

11. Las Partes de epígrafe estipularon el monto del caudal de la Causante en la cantidad de $1,491,399.00.

En vista de las determinaciones de hechos formuladas, el foro primario determinó que el señor Torres compareció a la herencia de la causante, en cuanto a la cuota usufructuaria viudal, con ascendiente. Además, resolvió que el apelante, al momento del fallecimiento de la causante, adquirió un derecho en el complejo hereditario de esta, el cual se componía del señor Torres y la madre de la causante. Así pues, el foro primario

concluyó que los derechos adquiridos por el apelante le correspondían desde el momento de la muerte de la causante, y no desde el fallecimiento de la madre de esta. Así pues, reiteró que el apelante tenía derecho al usufructo viudal compareciendo con ascendientes.

En cuanto al cómputo de la cuota y su fórmula, el foro primario determinó que la mitad del caudal relicto correspondía a la herencia directa, toda vez que existía una ascendiente al momento del fallecimiento de la causante. Asimismo, concluyó que en el caso de epígrafe no existía controversia con relación a la fórmula a utilizarse para computar el usufructo viudal y, que dicha cifra resultante era la suma total capitalizable del usufructo. De otra parte, resolvió que la calculadora viudal del Colegio de Notarios de Puerto Rico reflejó que, con un caudal ascendiente a $1,491,399.00, cuando el viudo era un varón de entre 70 y 75 años, la cantidad a conmutar era de $282,065.77. A su vez, el foro primario señaló que otros activos y bienes fueron retenidos por el apelante y esos eran los que obligaban a un ajuste del monto a conmutar.

Cónsono con lo anterior, el foro primario concluyó que la operación matemática, arrojaba un balance negativo para el señor Torres de $116,587.23. No obstante, el foro primario determinó que al apelante le correspondía un crédito por el pago de la hipoteca de la propiedad ubicada en el Falansterio, ascendente a $13,821.72, a base de $104.71 mensuales, por once (11) años, desde el fallecimiento de la causante y $76,233.96, por concepto de la mitad del pago mensual correspondiente a la sucesión de la causante de la hipoteca sobre la propiedad ubicada en las Cumbres a

base de $77.53 mensual, siendo esta partida la mitad del pago mensual, por el periodo de once (11) años del fallecimiento de la causante. Por lo anterior, el foro primario razonó que el resultado de la aplicación de créditos a favor del apelante, resultaba en una conmutación total y final negativa para el señor Torres.

En virtud de lo anterior, el foro primario resolvió que la cuota usufructuaria viudal del señor Torres, resultaba en un balance negativo de $26,531.55. Asimismo, ordenó al apelante a pagar la suma de $26,531.55 al señor Herrero, más las costas y los gastos del litigio. A su vez, ordenó al señor Torres a suscribir los documentos para el perfeccionamiento de los títulos de propiedad de los inmuebles que correspondían a la sucesión de la causante, compuesta por el apelado.

Inconforme, el 27 de noviembre de 2023, el señor Torres presentó su *Reconsideración de Sentencia y en Solicitud de Determinaciones de Hecho Adicionales Conforme a la Regla 43.1 de las de Procedimiento Civil*.[11] En síntesis, solicitó que el foro primario emitiera determinaciones de hechos y de derecho adicionales con relación a los créditos concedidos, el derecho del viudo a las anualidades dejadas de percibir desde la muerte de la causante y, la comparecencia del viudo a la conmutación sin descendientes ni ascendientes.

En desacuerdo, el 18 de diciembre de 2023, el señor Herrero presentó su *Moción en Oposición a* "Reconsideración *de Sentencia y en Solicitud de Determinaciones de Hecho Adicionales Conforme a la Regla*

---

[11] *Reconsideración de Sentencia y en Solicitud de Determinaciones de Hecho Adicionales Conforme a la Regla 43.1 de las de Procedimiento Civil*, anejo II págs. 2-6 del apéndice del recurso.

*43.1 de las de Procedimiento Civil"* en la cual reiteró sus argumentos iniciales.[12] Sostuvo que las partes estipularon el monto del caudal, por lo que el apelante no podía ir contrario a sus propios actos. Asimismo, enfatizó que, previo a la fecha del juicio, solicitó reabrir el descubrimiento de prueba. Sin embargo, el apelante se opuso. Por tanto, indicó que no procedían los argumentos presentados en la *Reconsideración de Sentencia*, toda vez que eran tardíos. De otra parte, señaló que el señor Herrero era albacea de sus padres y, se presentaron los cheques como evidencia del descargue de sus funciones fiduciarias. Por último, planteó que la contribución del caudal fijada en 24% era el estado de derecho vigente.

El 14 de marzo de 2024, el foro primario notificó una *Orden* en la cual declaró sin lugar la *Solicitud de Reconsideración*.[13] Aun inconforme, el apelante presentó el recurso que nos ocupa y señaló los siguientes señalamientos de error:

> Erró el honorable Tribunal de Primera Instancia, Sala de San Juan, en su Sentencia del 9 de noviembre de 2023, al computar el usufructo viudal del demandante recurrente con ascendiente cuando concurre al momento de conmutar la herencia, solo con hermano de la causante.
>
> Erró el Tribunal de Primera Instancia, en la apreciación de la prueba ante su consideración, al imputar la mayoría de los créditos exclusivamente a favor de la parte demandada recurrida, ignorando la prueba estipulada y anunciada en el informe de conferencia con antelación a juicio y la prueba presentada por la parte demandante recurrente sobre sus créditos, resultando en un cómputo erróneo y negativo del usufructo del demandante-recurrente, demostrando abuso

---

[12] *Moción en Oposición a* "Reconsideración *de Sentencia y en Solicitud de Determinaciones de Hecho Adicionales Conforme a la Regla 43.1 de las de Procedimiento Civil*", anejo III, págs. 7-10 del apéndice del recurso.
[13] *Resolución*, anejo I, pág. 1 del apéndice del recurso.

de discreción, absoluto perjuicio y parcialidad en su Sentencia.

El 10 de mayo de 2024, el apelado presentó su alegato en oposición. Por lo tanto, con el beneficio de la comparecencia de ambas partes, procedemos a disponer del recurso de epígrafe.

II.

-A-

El Art. 599 del Código Civil de Puerto Rico de 1930 dispone que, la "sucesión es la transmisión de los derechos y obligaciones del difunto a sus herederos". 31 LPRA sec.2081. Cónsono con lo anterior, en *Cassaba v. Registrador*, 116 DPR 861, 867 (1986), el Tribunal Supremo de Puerto Rico resolvió que, la sucesión implica, pues la sustitución en la titularidad de los derechos o en las relaciones jurídicas que no sean personalísimas. Estos derechos son transmitidos a los herederos desde el momento de la muerte.

Dicho esto, el Art. 735 del Código Civil de Puerto de 1930 establece que, la "legítima es la porción de bienes de que el testador no puede disponer por haberla reservado la ley a determinados herederos, llamados por esto herederos forzosos". 31 LPRA sec. 2361. Asimismo, nuestro ordenamiento jurídico dispone que, los herederos de un causante pueden ser legales o voluntarios. Los herederos legales son conocidos como forzosos o legitimarios. E. González Tejera, *Derecho de Sucesiones*, Tomo 1, Ed. UPR, 2001, pág. 24. En virtud de lo anterior, el Art. 736 del Código Civil de Puerto Rico de 1930, indica que son herederos forzosos:

> (1) Los hijos y descendientes legítimos respecto de sus padres y ascendientes legítimos, y los hijos naturales legalmente reconocidos respecto de sus padres y

ascendientes naturales o legítimos. (2) A falta de los anteriores, los padres y ascendientes legítimos respecto de sus hijos y descendientes legítimos. (3) El viudo o viuda en la forma o medida que establecen los Artículos 761, 762, 763, y 764 de este Código. 31 LPRA sec. 2362.

Cabe precisar que, el viudo o viuda no recibe su participación hereditaria en la condición de legatario, sino en la de heredero forzoso. No obstante, a diferencia de los demás herederos legitimarios, al viudo o viuda se le limita su participación hereditaria ya que no reciben bienes del caudal en pleno dominio, sino en usufructo. E. González Tejera, *op. cit.*, pág. 101. Así pues, el usufructo viudal es la legítima que la ley separa para el cónyuge viudo. *Viuda de Sambolín v. Registrador*, 94 DPR 320, 324 (1967). Por ello, al momento de determinar dicha cantidad, se deberá atender el valor de los bienes que quedaren a la muerte del testador, con deducción de las deudas y cargas, sin comprender entre ellas las impuestas en el testamento. *Id.*

En lo pertinente a la controversia ante nuestra consideración, la participación que le corresponde al viudo o la viuda en usufructo viudal dependerá con quién este concurra al llamado hereditario. Particularmente, el Art. 763 del Código Civil 1930 expresa que, "no dejando el testador descendientes, pero sí ascendientes, el cónyuge sobreviviente tendrá derecho a la tercera parte de la herencia en usufructo. Este tercio se sacará de la mitad libre, pudiendo el testador disponer de la propiedad del mismo". 31 LPRA sec. 2413. Particularmente,

[1] los herederos podrán satisfacer al cónyuge su parte de usufructo, asignándole una renta vitalicia, o los productos de determinados bienes, o un capital en efectivo, procediendo

de mutuo acuerdo, y, en su defecto, por virtud de mandato judicial. Mientras esto no se realice, estarán afectos todos los bienes de la herencia al pago de la parte de usufructo que corresponda al cónyuge viudo. 31 LPRA sec. 2415. Véase, *Cortés Córdova v. Cortés Rosario*, 86 DPR 117, 123 (1962).

Ahora bien, cuando se concede al viudo un capital en efectivo, equivalente al usufructo viudal, estamos hablando de conmutar el usufructo viudal. Cuando los herederos optan por conmutar el usufructo viudal, deberán determinar cómo proceder, a fin de fijar el justo valor de dicho usufructo al momento de la conmutación, de manera que se cumpla el mandato legal en torno al pago de la legítima del cónyuge supérstite. E. González Tejera, *op. cit.*, pág. 121.

En primer lugar, para conmutar el usufructo, se tiene que calcular la cantidad que, en concepto de cuota viudal usufructuaria, debe pagársele al viudo o viuda. Nótese que, el monto de dicho usufructo dependerá de cuatro factores: (1) del orden sucesorio en que están colocados los herederos preferentes con quienes concurra el viudo; (2) si concurre con herederos del primer orden sucesorio, del número de estirpes que con él o con ella concurra; (3) del monto del caudal relicto neto; y, (4) de su edad, tanto a la fecha de la apertura de la sucesión como a la de la partición de la herencia. E. González Tejera, *op. cit.*, pág. 116. Luego, se procede a determinar la conmutación de este.

-B-

En materia de apreciación de prueba, los foros apelativos debemos brindar deferencia a las determinaciones de hechos formuladas por el foro judicial primario. *Serrano Muñoz v. Auxilio Mutuo*, 171 DPR 717, 740 (2007); *Rolón v. Charlie Car Rental, Inc.*,

148 DPR 420, 433 (1999). La norma general es que, si la actuación del foro *a quo* no está desprovista de una base razonable y no perjudica los derechos sustanciales de una parte, debe prevalecer el criterio del juez de primera instancia, a quien le corresponde la dirección del proceso. *Sierra v. Tribunal Superior*, 81 DPR 554, 572 (1959).

Así, el Tribunal de Apelaciones evitará variar las determinaciones de hechos del foro sentenciador, a menos que medie pasión, prejuicio, parcialidad o error manifiesto. Regla 42.2 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 42.2. Véase, además, *Dávila Nieves v. Meléndez Marín*, 187 DPR 750, 771 (2013). Sobre el particular, nuestro Tribunal Supremo ha expresado que:

> Una de las normas más conocidas en nuestro ordenamiento jurídico es que los tribunales apelativos no intervendremos con la apreciación de la prueba, la adjudicación de credibilidad y las determinaciones de hechos que realizan los tribunales de instancia, a menos que se demuestre que el juzgador actuó movido por pasión, prejuicio o parcialidad o que incurrió en error manifiesto. *Dávila Nieves v. Meléndez Marín*, *supra*, pág. 753.

Esta norma de autolimitación judicial cede cuando "un análisis integral de [la] prueba cause en nuestro ánimo una insatisfacción o intranquilidad de conciencia tal que se estremezca nuestro sentido básico de justicia; correspondiéndole al apelante de manera principal señalar y demostrar la base para ello." *Pueblo v. Cabán Torres,* 117 DPR 645, 648 (1986).

Como foro apelativo no debemos intervenir con las determinaciones de hechos, ni con la adjudicación de credibilidad que hace un Tribunal de Primera Instancia y sustituir mediante tal acción su criterio, por el nuestro. *Rivera Menéndez v. Action Services*, 185 DPR

431, 448-449 (2012); *SLG Rivera Carrasquillo v. A.A.A.,* 177 DPR 345, 356 (2009). Así, la apreciación que hace el foro primario merece nuestra deferencia, toda vez que es quien tiene la oportunidad de evaluar directamente el comportamiento de los testigos y sus reacciones. En fin, es el único que observa a las personas que declaran y aprecia su *demeanor*. *Ramírez Ferrer v. Conagra Foods PR*, supra; *Trinidad v. Chade*, 153 DPR 280, 291 (2001).

Ahora bien, la regla de deferencia antes descrita se exceptúa cuando se trata de determinaciones de hechos que se apoyan exclusivamente en prueba documental o pericial, ya que los tribunales apelativos están en idéntica posición que el tribunal inferior al examinar ese tipo de prueba. *González Hernández v. González Hernández,* 181 DPR 746 (2011).

III.

En el caso de autos, el apelante alega que el foro primario erró al computar el usufructo viudal con ascendiente cuando concurre al momento de conmutar la herencia, únicamente con el hermano de la causante. Asimismo, señala que el foro primario erró al apreciar la prueba ante su consideración al imputar la mayoría de los créditos a favor al apelado, ignorando la prueba estipulada y anunciada en el informe de conferencia con antelación a juicio y la prueba presentada por el apelado sobre sus créditos, resultando en un cómputo erróneo y negativo del usufructo, demostrando abuso de discreción, absoluto perjuicio y parcialidad en su *Sentencia*. *Veamos*.

Según el derecho previamente expuesto, la sucesión implica, pues la sustitución en la titularidad de los derechos o en las relaciones jurídicas que no sean

personalísimas. Estos derechos son transmitidos a los herederos desde el momento de la muerte. *Cassaba v. Registrador*, supra. De igual forma, en *Viuda de Sambolín v. Registrador*, supra. El Tribunal Supremo determinó que, al momento de determinar el usufructo, se deberá atender el valor de los bienes que quedaren a la muerte del testador, con deducción de las deudas y cargas. Particularmente, el Art. 763 del Código Civil 1930 expresa que, "no dejando el testador descendientes, pero sí ascendientes, el cónyuge sobreviviente tendrá derecho a la tercera parte de la herencia en usufructo. Este tercio se sacará de la mitad libre, pudiendo el testador disponer de la propiedad del mismo".

El expediente ante nuestra consideración refleja que la causante falleció el 6 de septiembre de 2011. Al momento de su fallecimiento, los llamados a heredar eran su señora madre, la Sra. Miriam Domenech Rosado en calidad de heredera universal, toda vez que la causante no tuvo hijos, y su viudo, el apelante, en cuanto a la cuota viudal usufructuaria. Posteriormente, la Sra. Miriam Magdalena Domenech Rosado falleció el 5 de mayo de 2017, sucediéndole como único heredero, su hijo, el señor Herrero.

Nótese que el apelante advino a su derecho hereditario en cuanto a la cuota viudal usufructuaria desde el 6 de septiembre de 2011, fecha en que falleció la causante. En la misma fecha, compareció a dicha sucesión como heredera universal, la madre de la causante, quien era ascendiente de esta. Es decir, el apelante adquirió un derecho en el complejo hereditario de la causante, en conjunto con la madre esta. Por ello, determinamos que, a la fecha de la muerte de la causante,

el apelante concurrió al complejo hereditario con la madre de esta, quien era ascendiente.

Cabe precisar que el señor Herrero no fue heredero de la causante. Es decir, que el señor Herrero, heredó en representación de su madre, quien al momento del fallecimiento de la causante era ascendiente de esta. Por tanto, no tiene razón el apelante al argumentar, que el apelado heredó como colateral preferente, toda vez que su madre falleció en el 2017. Entiéndase, posterior a la muerte de la causante. Así pues, resolvemos que a la controversia de epígrafe le aplica el Art. 763 del Código Civil de 1930, por lo que el apelante tiene derecho a la tercera parte de la herencia en usufructo.

Ante ese escenario, concluimos que procede la conmutación del usufructo viudal del apelante, compareciendo con ascendiente y sujeto a las disposiciones establecidas en el Código Civil. Por ello, es forzoso concluir que el primer señalamiento de error no se cometió, toda vez que el foro primario calculó la conmutación de la cuota viudal usufructuaria con ascendiente y, no con colateral preferente.

En cuanto, al segundo señalamiento de error, el apelante aduce que el foro primario erró al apreciar la prueba al imputar la mayoría de los créditos a favor del apelado, ignorando la prueba estipulada y anunciada en el *Informe de Conferencia con Antelación a Juicio* y la prueba presentada con relación a sus créditos, resultando en un cómputo erróneo y negativo del usufructo, demostrando abuso de discreción, perjuicio y parcialidad.

Conforme discutimos, en el derecho aplicable, este Tribunal se encuentra en igual posición que el foro

primario al evaluar prueba documental. Incluso, por estar en idéntica posición, podemos intervenir en las determinaciones de hechos realizadas por el foro primario, siempre que estén basados en prueba documental presentada en el juicio en su fondo. Lo anterior es una excepción a la regla general de deferencia que debemos al tribunal revisado. Sin embargo, el foro primario tiene la facultad de evaluar toda evidencia pertinente y admisible ante sí, y, a su vez, emitir una decisión conforme a la evaluación conjunta de esa evidencia. Además, es sabido que el Tribunal de Primera Instancia tiene la potestad de evaluar directamente la evidencia testifical. Por ello, puede otorgar la credibilidad que entienda merecedora a los testigos declarantes.

En el caso de autos, se celebró un juicio en su fondo el el 24 de agosto de 2022, en el cual se presentó prueba documental y testifical. A su vez, las partes estipularon el caudal relicto de la causante, sus activos y participaciones. Asimismo, el foro primario realizó las determinaciones de hechos basadas en la prueba documental y testifical. Sin embargo, el apelante no presentó la transcripción de dicha prueba oral. De igual forma, el apelante no nos ha persuadido de evaluar de forma diferente la documentación presentada, de forma que nos mueva a modificar o revocar las determinaciones de hechos del foro primario. Cabe precisar, que el foro primario señaló en su *Sentencia* que no existía controversia respecto a la fórmula que se utilizó para el computar el usufructo viudal.

Recalcamos que, según dicta la norma, los foros revisores reconocemos amplia discreción a los foros de

primera instancia para determinar el modo en que manejan los casos ante su consideración. De este modo, es preciso subrayar que nuestro Tribunal Supremo ha sido enfático en que, como foros revisores, no debemos intervenir con las actuaciones de los foros primarios, en ausencia de que hayan actuado con prejuicio o parcialidad, o que hayan errado en la aplicación del derecho. Por ello, tras un análisis de las alegaciones formuladas por las partes y a la luz de la totalidad de las circunstancias, consideramos que el foro primario no incurrió en abuso de discreción, ni tampoco en error manifiesto al así resolver. En virtud de lo anterior, colegimos que el segundo señalamiento de error no se cometió.

IV.

Por los fundamentos antes expuestos, **CONFIRMAMOS** la *Sentencia* apelada.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones